No. 18,376.

EVELYN McBAIN *v.* JOHN LOPEZ.

(334 P. [2d] 1097)

Decided February 2, 1959.

Mr. JOHN C. BANKS, Mr. ROBERT G. HOGHAUG, Mr. ARTHUR E. RYMAN, JR., for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error will be referred to as petitioner, and defendant in error as respondent.

On April 7, 1955, petitioner filed a "Petition in Contributory Dependency" against respondent in the juvenile court of the City and County of Denver alleging that petitioner was the mother of a female child born September 17, 1952; that respondent was the father of said child, and had while able to do so failed and neglected to support said child.

Summons was served on respondent commanding him to appear in the Denver Juvenile Court on April 21, 1955, at which time he appeared personally and by counsel, and the cause was continued to September 13, 1955, to be then reset for trial to a jury. Thereafter numerous continuances were had until May 10, 1956, at which time the record shows that respondent, by his counsel, waived trial to a jury and "requested that cause be had to the court." On May 15, 1956, the record discloses that Mary Rose, a Referee of the Juvenile Court, held a hearing on the matter, and without finding or reciting any facts upon which to base her conclusion, determined that respondent was the.father of said child and that he should pay $5.00 per week for its support. The order of the Referee granted respondent ten days within which to "appeal the findings and recommendations of said Referee to the Judge of the Juvenile Court." Within that period respondent filed what is denominated a "motion for New trial and Request for jury." This document requested " * * * that the Court grant the respondent permission to try the above matter to the Court and with a Jury." On February 18, 1957, upon petitioner's sworn motion, a citation against respondent was issued, requiring him to show cause why he should not be adjudged guilty of contempt of court for failure to pay the five dollars per week recommended by the Referee. The citation was served on respondent and the record discloses that on March 7, 1957, the judge of the Juvenile Court noted the withdrawal of Wallace Vander Jagt as

petitioner's counsel and the appearance of Arthur E. Ryman, Jr., in his stead. The trial court on the same day granted the respondent's motion for trial to a jury, and dismissed the contempt citation. Trial to a jury was held on April 25, 1957, resulting in a verdict finding that respondent was not the father of said child.

On April 30, 1957, counsel for petitioner filed a motion for judgment notwithstanding the verdict, which motion was denied for the reason that no official reporter was present to record the testimony at the hearing before the Referee, and that by the Referee's order respondent was granted ten days to appeal therefrom to the court.

From the order overruling the motion for judgment notwithstanding the verdict, petitioner brings the case here by writ of error.

■ Counsel for petitioner assert that notice of respondent's motion for hearing before the court and a jury was not served on her. While this might be considered irregular, such failure does not have the effect of nullifying the appeal as permitted by the Referee's order. Respondent's application for a jury trial having been made within the ten days limited by the Referee's order, the same remained pending and subject to determination by the court.

■ In the absence of a record showing otherwise we must assume that a full scale hearing was had and the issues submitted to the jury under proper instructions and that preceeding matters were properly resolved. So far as the record before us reveals, the verdict of the jury is conclusive on petitioner.

Perceiving no error in the record the judgment is affirmed.